IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| CRISTIAN GUADALUPE MEJIA HERNANDEZ,<br>*Petitioner*,<br>v.<br>JOSEPH SIMON, *et al.*,<br>*Respondents*. | 1:26-cv-02564-MSN-LRV |

ORDER

Cristian Guadalupe Mejia Hernandez ("Petitioner") has filed a four-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I), his right to due process (Counts II & III), and the Administrative Procedure Act (Count IV).

When Petitioner filed his Petition, he was being held at the Chantilly ICE Office in Chantilly, Virginia. In response to the Court's Order of August 14, 2026 (ECF 2), Federal Respondents have confirmed that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez v. Lyons*, 1:25-cv-1792 (E.D. Va. Nov. 7, 2025). ECF 4. Accordingly, the Court incorporates the filings from *Servellon*

*Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Counts II and III.[1]

## I. BACKGROUND

Petitioner is a citizen of El Salvador who entered the United States without inspection in 2001. ECF 1 ¶ 18. On August 12, 2026, DHS stopped and arrested Petitioner during a highway enforcement operation. *Id.* ¶ 25. DHS then transported Petitioner to the Chantilly Hold Room within ICE Enforcement and Removal Operations' Washington Field Office. *Id.* ¶ 26. Petitioner alleges that DHS has denied him release on bond while his removal proceedings are pending and that requesting custody redetermination from an Immigration Judge ("IJ") would be futile pursuant to the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[2] ECF 1 ¶¶ 56-57.

On August 14, 2026, after receiving the Petition, the Court enjoined Petitioner's removal from this District for any reason. ECF 2. On August 18, 2026, Federal Respondents notified the Court that "after the Court issued its Order," Petitioner was "inadvertently transferred on August 14, 2026, . . . to a detention facility in California." ECF 5.

## II. ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other

---

[1] Because the Court grants the Petition as to Counts II and III, it need not address Petitioner's other claims.

[2] Federal Respondents have waived any argument that Petitioner did not exhaust his administrative remedies with respect to his habeas claim.

jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an]

[3] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for roughly twenty-five years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates his right to due process.

## III. PETITIONER'S RETURN

Federal Respondents have notified the Court that they removed Petitioner from this District in direct violation of the Court's Order. ECF 5. While Federal Respondents "apologize for this oversight" and claim to be "working expeditiously to return Petitioner to this District" by August 21, 2026 (ECF 5), "the Court is not satisfied with this explanation," *Torres Moran v. Blanche*, 1:26-cv-02502, ECF 6 at 6 (E.D. Va. Aug. 17, 2026) (emphasis omitted).

**"The Court expects that parties, especially government parties, will scrupulously carry out its orders. In this case, that was not done. If this kind of error should occur again, the Court will require each person involved in the unauthorized transfer of a petitioner to**

**appear in court to show cause why they should not be held in contempt."** *Id.* (emphasis in original).

## IV. CONCLUSION

Because the Federal Respondents had no authority to transfer Petitioner to California and have no authority to detain him any longer, it is hereby

ORDERED that the Petition (ECF 1) is GRANTED; it is further

**ORDERED that Petitioner be returned to the Eastern District of Virginia by Thursday, August 20, 2026, at 5:00 P.M., and that he, with all his personal property, be immediately released from custody;** it is further

ORDERED that Petitioner must live at a fixed address which he must provide to the Federal Respondents.[4] Petitioner must also appear at the bond hearing once Federal Respondents notify him of its date, time, and location; it is further

ORDERED that Federal Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a); it is further

ORDERED that Federal Respondents are ENJOINED from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2).

[4] If Petitioner opts to file a pleading in this civil action notifying the Federal Respondents of his fixed address, Petitioner should file that pleading under seal. No separate motion to seal will be required.

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

August 18, 2026
Alexandria, Virginia